( Ruffin, C. J.
 

 There was no error in holding, that there was no evidence of an authority to the slave to act as the master’s agent in buying the spirits. To prevent imposition ón trades-people, it is a rule that one, who habitually sends his servant to shops and pays for the articles taken up by the servant, is bound to pay for all thus taken up, though some of the articles do not come to his use, but are converted by the servant. But that rule has no application here, for it does not seem, that these parties ever had any dealings before, or even an acquaintance, or that the defendant knew the negro as being the slave or the servant of Tap-scoth If the liquor had not been paid for, but bought on the credit of Tapscott, he certainly would not have been bound to pay for it. But it was not even got in his name ; hut, when the negro asked for it, the defendant, without asking who wanted it, or who he was, at once sold it to. him. There was no semblance of agency in the matter. — ■ But if there had been any presumption of it from the circumstances, it is directly repelled by the express testimony of the" master to the contrary.
 

 The Court is also of opinion, that there was no error in the second instruction given. The sale of spirituous liquor to a slave is apparently illegal, and it is incumbent upon
 
 *106
 
 one who does the act, to justify it by showing that it was done under such circumstances as render it lawful. He must show, not merely that he thought that such circumstances existed, but that they actually existed. It was said that when one believes he is not doing an unlawinl thing-, there is not the guilty mind necessary to constitute a crime. But -that is not correct. When the act is unlawful and voluntary, the
 
 quo ammo
 
 is inferred necessarily from the act. If a piece be brought to a printer for publication, which is injurious to the character of another, and the author make such representations and adduce such proofs in support of the charges as induce the printer to believe that they are all true, and may, therefore, be lawfully published: yet the publication will be criminal or not, as it may happen that the charges may be true or false in point of fact. For, by making the publication in derogation of another, the printer holds out and undertakes that the charges are true. 'Therefore he must maintain their actual truth. It is plain that his belief of their truth does not, then, denote that innocence of intention in making the publication, which can prevent it from being a crime, if they prove not to be true; and there is, therefore, in that case, the guilty mind spoken of. So, if one trade with a slave upon the faith of an order or permit in writing in the name of the owner, he must take care to see that it is genuine. For if it be not genuine, but a forgery, then the authority required by law for dealing with a slave is wanting, and the party would be guilty under the act. Upon that point, every person must necessarily take the risk of judging for himself. It must be the same in this case ; for, the act being against the policy and the letter of the law, can only be made innocent by showing facts which in law justify it, and not by showing merely the probability or the party’s mistaken belief of the existence of those facts. Those circumstances might well affect the degree of punishment, and seem to have had their effect in reducing the fine here to almost a nominal one. But they could not prevent
 
 *107
 
 the act from being a violation of the law, for which the party was liable to conviction. (The instruction prayed, would, therefore, have been properly refused upon the matter of law, if in fact the defendant had believed, that the negro was buying the liquor for his master. But, in truth, it might and ought to have been refused, because there was no evidence to raise the point; since, as has been already observed, there was no semblance of an agency in the transaction, for the reasons mentioned in disposing of the first exception. A party has no right thus to ask for an instruction upon an abstract proposition, which, upon the evidence, has no application to the case inhand./
 

 Per Curiam- Judgment affirmed-